## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Docket No.  2:19-cr-00131-NT |
| | ) | |
| JOHN J. CAVANAUGH, JR., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER ON MOTION FOR TEMPORARY RELEASE

On September 18, 2020, I ordered the Defendant, John J. Cavanaugh, Jr., to self-surrender to a designated Bureau of Prisons ("**BOP**") facility on October 5, 2020, in order to undergo a psychological evaluation. Order 1–2 (ECF No. 80). I ordered that Mr. Cavanaugh be incarcerated for a maximum of forty-five days (the "**examination period**"), with that examination period beginning only after Mr. Cavanaugh completed any quarantine required by the BOP. Order 1. On October 16, 2020, I received a letter from the BOP confirming that Mr. Cavanaugh had reported to FMC Devens on October 5, 2020, and explaining that he was required to undergo a fourteen-day quarantine. FMC Devens Letter (ECF No. 81). That means that the examination period began on October 19, 2020, and, if it is not extended, will conclude on December 3, 2020. In this letter, the BOP stated that it expected to complete Mr. Cavanaugh's psychological evaluation by December 3. FMC Devens Letter.

On November 13, 2020, Mr. Cavanaugh moved for temporary release from BOP custody and requested that his psychological evaluation be rescheduled ("**Def.'s Mot.**") because his "deadline for release [was] looming" according to his calculations,

because he believed that his evaluation was "not nearly complete," because he was concerned that the risks of COVID-19 were "ramping up," and because these circumstances were taking an "emotional toll" on him. Def.'s Mot. 2 (ECF No. 82). The Government points out that the examination period does not conclude until December 3; that the psychologist responsible for conducting Mr. Cavanaugh's evaluation believes "that the evaluation is on target to be completed" by that date; that the BOP has taken various measures to protect inmates and staff against infection with COVID-19; and that FMC Devens has made efforts to address any of Mr. Cavanaugh's emotional problems. Gov't's Opp. to Def.'s Mot. for Temporary Release & Rescheduling of Psychological Evaluation 1–4 (ECF No. 85).

I consider Mr. Cavanaugh's motion to be premature. He appears not to have taken the fourteen-day quarantine period into account in calculating the examination period. And while Mr. Cavanaugh expresses concerns about the psychological evaluation occurring before the expiration of the examination period, the Government appears confident Mr. Cavanaugh's evaluation will be completed by December 3. Assuming the Government's prediction is correct, that means that Mr. Cavanaugh's evaluation will be complete, and that he will be released from BOP custody, within the next few days. Were he released now, not only would he not have completed his evaluation, but he would need to return to BOP custody at some point in the future (likely for at least another forty-five days) so that the evaluation could be completed. This would unreasonably delay resolution of this case and would potentially require Mr. Cavanaugh to be in pretrial custody longer than necessary.

## CONCLUSION

For the reasons stated above, the Defendant's motion is **DENIED**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 30th day of November, 2020