**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Docket No. 2:19-cr-00131-NT |
| ) | |
| JOHN J. CAVANAUGH, JR., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

On February 22, 2023, John J. Cavanaugh, Jr. self-reported to begin serving a 36-month sentence at FMC Devens. Sentence Monitoring Computation Data 1 (ECF No. 186). On June 28, 2023, Mr. Cavanaugh mailed a Motion for Compassionate Release to this Court. Mot. for Compassionate Release (ECF No. 185). On September 1, 2023, the Government filed its response. Gov't's Resp. in Opp'n to Mot. for Compassionate Release ("**Gov't's Opp'n**") (ECF No. 207).

The Government's supported chronology of Mr. Cavanaugh's compassionate release request demonstrates that Mr. Cavanaugh has not *properly* exhausted his administrative remedies.[1] Gov't's Opp'n. at 1–4. Under 18 U.S.C. § 3582(c), I may not

---

[1] Mr. Cavanaugh submitted a request for compassionate release consideration to FMC Devens on June 21, 2023, in which he asserted: (1) that he had been denied his antidepression medication, Vraylar, and was suffering from debilitating PTSD and anxiety; (2) that he had lost a dangerous amount of weight; and (3) that his hypertension had become dangerously high. Gov't's Resp. in Opp'n to Mot. for Compassionate Release ("**Gov't's Opp'n**") Ex. 1: Inmate Request for Compassionate Release Consideration 1–2 (ECF No. 207-1). The next week, and before receiving a response from FMC Devens, Mr. Cavanaugh filed a motion for compassionate release with this Court, claiming (1) that he had not been receiving Vraylar, and was suffering from nightmares, severe depression, anxiety, and mood fluctuations; (2) that his skin cancer was not being treated adequately; and (3) that he had a tumor behind his ear that FMC Devens had concluded it did not have the capability to remove. Mot. for Compassionate Release 1–2 (ECF No. 185). On July 11, 2023, the Acting Warden at FMC Devens denied Mr. Cavanaugh's request, informing him that he could appeal using the administrative remedy

consider a motion for compassionate release where the inmate has not met the exhaustion requirement unless the Government waives the exhaustion requirement, which it has not done here. *United States v. Perez-Crisostomo*, No. 2:16-cr-00085-GZS, 2023 WL 3821098, at *3 (D. Me. June 5, 2023). The exhaustion requirement can be met in two ways.

> Both begin with requesting that the BOP bring a motion on the defendant's behalf. Following that initial step, the prisoner has a choice. First, he may wait for a response from the BOP and seek further administrative review of that response (assuming it is adverse). On that path, only once he has exhausted all administrative rights to appeal may he bring his motion in the district court. Second, a prisoner may wait 30 days after filing his request and—whether the BOP has ruled on the request or not—he is free to file a motion in the district court.

*United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021) (internal citations and quotation marks omitted); *see also* 18 U.S.C. § 3582(c)(1)(A); *United States v. Mujo*, 1:15-cr-00072-JDL-2, 2022 WL 4233755, at *1 (D. Me. Sept. 14, 2022).

---

process at the institution. Govt. Opp'n Ex. 2: FMC Devens response to compassionate release request 1 (ECF No. 207-2).

On July 26, 2023, I issued an Order to Show Cause why Mr. Cavanaugh's motion should not be denied for failing to either exhaust his administrative remedies or wait for 30 days following the submission of a request to the warden of his facility. Order to Show Cause (ECF No. 191). Also on July 26, 2023, Mr. Cavanaugh mailed a "Motion for Compassionate Release," which the Clerk docketed on July 28, 2023 as a Response to the Order to Show Cause (ECF Nos. 193, 193-2). In the filing, Mr. Cavanaugh presents additional arguments in support of compassionate release, but he does not include proof that he had exhausted his administrative remedies. As a result, on August 3, 2023, I denied the motion for compassionate release without prejudice. Order on Mot. for Compassionate Release (ECF No. 194). On August 2, 2023, before receiving the order dismissing his motion, Mr. Cavanaugh mailed a document to the Court that appeared to be a response to the Court's July 26 show cause order (ECF No. 195). The Clerk docketed the filing on August 4, labeling it as a Motion for Reconsideration. In this filing, Cavanaugh asserts that his mental health has been "falling apart" and he advances several other arguments in favor of release. Mot. for Reconsideration 1–2 (ECF No. 195). He also attached his administrative release request to FMC Devens, the Acting Warden's response, and a variety of medical records. Mot. for Reconsideration – Attach. 1 (ECF No. 195-1). On August 14, 2023, I held a conference of counsel where I issued an oral order granting the motion for reconsideration and directing the Government to respond to the Motion for Compassionate Release. Oral Order (ECF No. 202).

Mr. Cavanaugh came to the court prematurely,[2] and his subsequent submissions have been flowing in without regard for the administrative review process. I agree with the Government that Mr. Cavanaugh's bases for relief are evolving. As one basis for relief is dropped, another is added, and it is now unclear which of the arguments are operative and which are moot.

Accordingly, I must once again deny his motion for compassionate release for failure to meet the exhaustion requirement. If Mr. Cavanaugh wishes to file a new motion for compassionate release, he must again meet the exhaustion requirement by requesting release from the acting warden of his facility and then either exhausting the BOP process or waiting thirty days after the submission of his request. *See United States v. Cain*, 1:16-cr-00103-JAW-1, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021) ("Successive compassionate release motions must independently satisfy the exhaustion requirement.").

Accordingly, Mr. Cavanaugh's Motion for Compassionate Release (ECF No. 185) is **DISMISSED** without prejudice.

SO ORDERED.

    /s/ Nancy Torresen
    United States District Judge

Dated this 3rd day of October, 2023.

---

[2] Mr. Cavanaugh filed his request for release with the warden of his facility on June 21, 2023. *See* Mot. for Reconsideration – Attach. 1 at 5. The instant motion for compassionate release was filed in this Court on June 30, 2023, before "the lapse of 30 days" and before he had fully exhausted all administrative rights to appeal within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A).