UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

UNITED STATES OF AMERICA　　)
　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　)　　　　No. 2:19-cr-131-LEW
　　　　　　　　　　　　　　　　)
JOHN J. CAVANAUGH, JR.,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　Defendant　　　　　)

## ORDER

John J. Cavanaugh, Jr., pleaded guilty in two different cases to aggravated identity theft and making a false statement to the Small Business Administration (SBA) in a loan application.  The aggravated identity charge pertained to Cavanaugh's application to the Social Security Administration (SSA) for disability benefits on behalf of his minor son. On February 3, 2023, Cavanaugh was sentenced to 36 months in prison and ordered to pay restitution to the SSA in the amount of $11,503.00 and to the SBA in the amount of $233,300.00.

On January 2, 2026, Cavanaugh, proceeding pro se, filed a Motion to Correct Restitution (ECF No. 236).  In his Motion, Cavanaugh represents that he received a letter from the SSA, the first page of which he has attached to his filing (ECF No. 236-1), informing him that he owed $24,549.10 and that the SSA would be withholding $258 per month from his monthly Social Security Disability Insurance (SSDI) payment.  Cavanaugh states that he was previously aware of a $7,200.00 overpayment while he was incarcerated, but that even when this amount is added to his outstanding restitution balance (which he

represents is currently $8,579.10), the total he believes he owes to the SSA is considerably less than $24,549.10.  Cavanaugh also indicates that he makes a $250 restitution payment each month to U.S. Probation, apart from the $258 now being withheld from his monthly SSDI payment.

As the Government notes in its response, it is not at all apparent from Cavanaugh's filings that this overpayment and concomitant monthly withholding have anything to do with the restitution obligation imposed as part of his sentence, which related to benefits collected on behalf of his minor son (and not his own SSDI benefits).  SSA can take steps to recover overpayments "[w]henever the Commissioner of Social Security finds that more . . . than the correct amount of payment has been made"—not just when the SSA is a victim of fraud and owed restitution.  42 U.S.C. § 404(a)(1).  Cavanaugh may be correct that this overpayment was assessed erroneously, but he must present that issue to the SSA[1] rather than attempt to relitigate the restitution order in his criminal case.  *See id*. § 405(g).

CONCLUSION

Defendant's Motion to Correct Restitution (ECF No. 236) is DENIED.

So Ordered.

Dated this 25th day of June, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge

---

[1] *Smith v. Berryhill*, 587 U.S. 471, 478 (2019) ("Section 405(g) . . . provides for judicial review of 'any final decision . . . made after a hearing.'  This provision, the Court has explained contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable . . . requirement that the administrative remedies prescribed by the Secretary be exhausted.'") (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)); *see also Sipp v. Astrue*, 641 F.3d 975, 979 (8th Cir. 2011) (district court lacks jurisdiction to decide a challenge to an overpayment determination that was not first presented to SSA); *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (same).  Even if exhausted administratively, any remaining controversy would require a civil action for judicial review rather than a criminal motion to correct the restitution order.